[Civ. No. 7509. Second Appellate District, Division One.—December 20, 1930.]

M. WOLFSON, Respondent, v. P. I. HADDAN, Appellant.

Harry W. Horton for Appellant.

Fall & Fall, Lucius M. Fall and J. Gilbert Fall for Respondent.

YORK, J.—Plaintiff and defendant entered into a written agreement of exchange in words and figures as follows:

"November 17th, 1921.

"This Agreement made and entered into this day by and between P. I. Haddan, party of the first part, and M. Wolfson, party of the second part, to-wit, 'party of the second part has this day agreed to sell or exchange his ½ (one-half) interest in the Broadway Luggage and Jewelry business, including lease, fixtures and loan business, situated at 288 E. Broadway, San Diego, California, also his luggage and jewelry at 6th Street and E. Street, No. 534 San Diego, California, said stock free and clear from all indebtedness, as per inventory taken by Mr. I. Fream on or about the 17th day of October, except amount sold since that date as follows: about $500.00.

"It is hereby agreed and understood that first party is trading the above mentioned property for 508 acres of land situated about 2½ miles east of Brawley, Imperial Valley, California, consideration of said land to be about $81,000.00 including stock and implements for which second party is to receive contract for a 1–3 interest and be credited for his 1–3 interest $11,500.00 and receive 1–3 the profits and share in the losses if there be any of said farm. It is understood and agreed that second party will furnish one man competent to do farm work who will be under the supervision of First Party at all times and should he at any time fail to furnish a competent man, then first party can at his option hire a man and pay him out of the proceeds of second party's 1–3 interest. First party will look after and manage said farm without any expense to second party. It is understood and agreed that First Party will discharge the wholesale bills now as debt against the Broadway stock as per list attached hereto. It is agreed that for the difference between $11,500.00 and the purchase price of the land that first party will wait on second party until such time as the land shows sufficient profit to take care of said difference, or a sale is made, or second party may at his election have his 1–3 interest set off after the expiration of one year, commencing at the southeast corner and taking a strip along the east side equal to the 1–3 interest by paying First Party whatever

amount is due and unpaid at said time of division. First Party may also call for a division of said land on same basis as above stated. In case of a division of said land both parties shall choose an Imperial man acquainted with values of such land and they shall choose a third man and the three shall determine the price of land and their decision shall be the basis of settlement. It is agreed and understood that First Party shall have full supervision and management of said farm at all times with authority to buy and sell stock and feed as he may elect, that he will keep a set of books and make a complete accounting of all transactions to second party at least once a year for the term of this contract.

"Should First Party fail to make the exchange as above stated then this contract is null and void.

"It is understood and agreed that First Party is not contracting or obligating himself to pay any debts or obligations of second party other than those mentioned in the sheet hereto attached.

"It is further agreed that unless land is sold or divided as heretofore stated there is sufficient profit to take care of the interest and principle, First Party will not force payment for ten years from date.

"Second Party M. WOLFSON.
"First Party P. I. HADDAN.
"Witness D. J. FREAM."

In pursuance thereof, plaintiff delivered to defendant his interest in the business, receiving credit therefor in the sum of $11,500, and in addition thereto paid to the defendant $4,152.03 in cash, making a total of $15,652.03 which was applied upon the contract price. Defendant, after operating the ranch for some time as provided in the contract, repudiated the contract with plaintiff and sold the ranch to third parties. Plaintiff brought suit for damages for the breach.

In addition to above facts, the findings of the court show, among other things, that the defendant did not act in bad faith in permanently putting it out of his power to perform said contract; that the value of the land at the date of the breach of the contract was $45,720, and that the value of plaintiff's one-third interest therein, had the contract been fully performed at the date of said breach, would have been

$15,240; also that in the operation of the ranch there was a loss and the share of said loss chargeable to plaintiff was the sum of $1894.04.

As conclusions of law from these facts, the court found that by section 3306 of the Civil Code, plaintiff would be entitled to judgment against defendant in the sum of $15,652.03 (the amount paid on the purchase price), less a credit in defendant's favor of $1894.04 (the proportionate share of loss sustained in operating the ranch), or the sum of $13,757.99, together with interest of seven per cent per annum from January 5, 1924 (the date of breach); but the court further found that recovery under section 3306, *supra,* was limited by section 3358 of the Civil Code, and that plaintiff therefore was entitled to but 15/27ths of $15,240 (the value of the plaintiff's interest in the ranch at the date of the breach), which would be the sum of $8,466.60, less the credit of $1894.04, or the sum of $6,752.56, together with interest at seven per cent per annum from January 5, 1924, and costs of suit.

From the judgment entered pursuant to these findings and conclusions, defendant appeals on the ground that the court erred in calculating the matter of damages and did not apply the proper rule therefor. Defendant takes the position that while the exact proposition here involved has not heretofore been decided in this state, the courts of other jurisdictions, as well as text-writers on the subject of damages, have definitely laid down the rule that in cases of this character, where part of the purchase price is paid and the purchaser sues for damages, the amount of damages allowable is the difference between the balance owing on the agreed purchase price and the actual value of the property at the time of the breach; and that since the sum of $13,242.01 is still due on the contract, and $15,240 is the value of the plaintiff's interest in the ranch at the date of the breach, plaintiff is entitled to the sum of $1997.99 only.

Assuming that the rule in many jurisdictions is as appellant contends yet that is not the law in California. Section 3300 of the Civil Code definitely declares the general rule of measure of damages for breach of contract to be the amount which will compensate the party aggrieved for all the detriment proximately caused thereby, or

which in the ordinary course of things would be likely to result therefrom. Section 3306 of the Civil Code makes the pronouncement that "the detriment caused by the breach of an agreement to convey an estate in real property, is deemed to be the price paid", plus certain expenses and interest, with an additional allowance in case of bad faith. Therefore, under this latter section, plaintiff would be entitled to the sum of $15,652.03, the amount which he has paid on the contract, with said expenses and interest, less his proportionate share of the loss sustained by defendant in operating the ranch.

 If, however, the right of recovery is limited by section 3358 of the Civil Code, it would cause considerable reduction in the amount of the judgment for damages. The contract in question is uncertain as to what amount would have to be paid to fully perform it and is uncertain as to the time of performance. There is no evidence as to what the value of the ranch would be at any time except only at the date of the breach.

Apparently, from the record, the agreement had been fully performed by plaintiff up to the time the contract was breached by the defendant by a sale of the land itself. It will be observed that the contract does not provide anything definite as to time of payment, except that first party would apparently not be able to force payment until ten years from its date. Under the contract the first party had the right to buy and sell stock and feed, as he might elect, but it would evidently take the consent of both parties for a sale of the land to be made.

It will also be noted that it was also agreed that for the difference between $11,500 and the purchase price of the land that the first party would wait on second party until such time as the land showed sufficient profit to take care of said difference, or a sale was made. The first party did not call for a division of the land, but sold the same and placed it beyond his power to comply with the terms of the contract. As there is nothing in the record to show what full performance of the contract on both sides would have cost the plaintiff, section 3358, *supra,* cannot be invoked to limit the amount of damages which may be recovered by plaintiff. The trial court having limited recovery to a sum less than plaintiff was entitled to, even

though he were allowed the $1,000 referred to in appellant's second point, and as the plaintiff is not appealing, appellant cannot now be heard to complain.

The judgment and order are affirmed.

Conrey, P. J., and Hollzer, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 8, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 16, 1931.